UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. MARSHAL LOUIS RODRIGUEZ, et al.,<br><br>        Defendants | CIVIL ACTION NO. 1:15-CV-02366<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

This action was commenced by the filing of a complaint in this matter on December 9, 2015, by *pro se* Plaintiff Frank Brett. The Court has reviewed the complaint in accordance with 28 U.S.C. § 1915(e). For the reasons provided herein, the Court respectfully recommends dismissal of this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend, as the complaint is frivolous insofar as it contains claims that lack an arguable basis in law or fact.

**I.    BACKGROUND**

On December 9, 2015, *pro se* Plaintiff Frank Brett commenced this action by filing a complaint, an application to proceed *in forma pauperis*, and a motion to file documents under seal. (Doc. 1; Doc. 2; Doc. 3). By separate Order, the Court granted Brett's application to proceed *in forma pauperis*, but denied his motion to file documents under seal.

This largely illegible handwritten pleading containing rambling, unclear, and nonsensical assertions, is characteristic of Brett's numerous other filings in federal court.[1] Brett names U.S. Marshal Rodriguez, U.S. Marshal Leonard, Vincent Burns, Mr. Monet, and Corey Hines as Defendants in the caption of the complaint. The civil action template form and ten-page attachment contain the following allegations: (1) that U.S. Marshal Rodriguez violated Brett's civil rights by directing the Internal Revenue Service to stalk and harass him; (2) that Corey Hines, an "Eastern Pa. Federal Court Clerk," retaliated against Brett in 2014 and 2015 in violation of 18 U.S.C. §115(c)(2) by following him to Florida and Harrisburg, Pennsylvania, and by giving out his personal information; (3) that Vincent Burns, Mr. Monet, and Mr. Man "all reside at the Bethesda Mission[2] and have called [him] gay, . . . [and] a retarded Forrest Gump"; (4) that Vincent Burns, Mr. Lovejoy, Mr. Bolton, Beth Bolton, Joe Rivera, and others

---

[1] As noted by a magistrate judge presiding in the United States District Court for the Eastern District of North Carolina, as of February of 2013, Brett has unsuccessfully pursued "scores" of cases in twelve different federal districts. *See Brett v. Hansen*, No. 5:12-CV-127-BR, 2013 WL 663914, at *3 n.5 (E.D.N.C. Feb. 25, 2013) *report and recommendation adopted*, No. 5:12-CV-00127-BR, 2013 WL 1187433 (E.D.N.C. Mar. 22, 2013). A district judge presiding in the United States District Court for the Eastern District of Pennsylvania identified at least thirty-eight cases Brett has filed that have been dismissed as frivolous or for failure to state a claim. *See Brett v. Sampson*, No. 15-3711 (E.D. Pa. Sept. 21, 2015). With respect to the cases Brett has filed in this District, by this Court's own calculation, it appears that this action is one of at least eight actions dismissed for failure to state a claim or for lack of jurisdiction. *See e.g., Brett v. Owner Don Traube, et al.*, No. 1:12-cv-00713 (dismissing action for lack of subject matter jurisdiction on May 15, 2012); *Brett v. U.S. Marshal[ ]s, et al.*, No. 1:12-cv-01495 (dismissing action for failure to file an amended complaint that states a claim for relief on October 16, 2012); *Brett v. U.S. Marshal Steve, et al.*, No. 1:13-cv-0597 (dismissing action for failure to file an amended complaint that state a claim for relief on January 5, 2015); *Brett v. Brady, et al.*, No. 1:13-cv-02624 (dismissing action for failure to file an amended complaint that states a claim for relief on February 19, 2014).

[2] The Bethesda Mission is a homeless shelter for men located in Harrisburg, Pennsylvania.

broke into his home; and (5) Mr. Allen "picked up [Brett's] bed with [him] in it and moved [him] without [him] saying a word in a threatening matter." (Doc. 2, at 2). The remaining nine pages of the complaint contain an extensive list of license plate numbers. (Doc. 2-1, at 2-9).

## II. SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action brought *in forma pauperis* if it is "frivolous." *See* 28 U.S.C. § 1915(e)(2)(B)(i). Under this statute, an *in forma pauperis* action may be dismissed *sua sponte* for frivolousness "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

**III. DISCUSSION**

    A. FEDERAL CLAIMS

Having reviewed the complaint, the Court cannot ascertain a clear legal basis for a non-frivolous federal claim within this Court's jurisdiction. Therefore, this action must be dismissed as legally frivolous.[3]

As an initial matter, aside from referencing the "Civil Rights Act of 1983" on the civil cover sheet, the complaint itself is completely devoid of any facts establishing that Brett was deprived of a right secured by the Constitution in violation of 42 U.S.C. § 1983. (Doc. 2-2, at 1). Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[3] Based upon the description of Brett's claims as set forth in the Background Section of this Report and Recommendation, it is clear that this action rests upon clearly baseless factual contentions as well. The complaint is replete with "fanciful," "fantastic," and "delusional" factual allegations. See *Denton*, 504 U.S. at 32–33. The Court notes that this is not the first time Brett's complaint has been deemed frivolous. Indeed, it appears many, if not all, of the allegations in the complaint relate to matters that Plaintiff has raised in numerous actions filed in both this court and several other federal courts. *See, e.g., Brett v. Unknown Latin Am. Man*, No. CIV.A. 12-1751-GMS, 2013 WL 1775524, at *2 (D. Del. Apr. 24, 2013); *Brett v. Wright*, No. CIV.A. 12-706-GMS, 2012 WL 4061792, at *2 (D. Del. Sept. 13, 2012) (dismissing as frivolous Brett's complaint, which referred to automobile accidents that occurred on March 23, 2012 and April 1, 2012, and sought to assert a slander claim against various non-parties because "all of them, at different times, called him gay, retarded, and Forrest Gump"); *Brett v. Wheeler*, No. CV 15-1141-GMS, 2016 WL 541130, at *1 (D. Del. Feb. 9, 2016) (dismissing the complaint as frivolous where Plaintiff alleged that Defendants stole his civil rights, stalked him in ten states, called him gay and touched him inappropriately in Florida, and hit him with a Cadillac, causing injuries); *Brett v. Jenkins,* No. 6:14–cv–426–Orl–36DAB, 2014 U.S. Dist. LEXIS 57871, at *1 (M.D. Fla. Mar. 20, 2014) (identifying a series of frivolous actions filed by Plaintiff), *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 57867 (M.D. Fla. Apr. 25, 2014); *Brett v. Curtis,* No. 8:14–cv–727–T–33EAJ, 2014 U.S. Dist. LEXIS 54982, at *3 n. 2 (M.D. Fla. Apr. 1, 2014) (same), *report and recommendation adopted,* 2014 U.S. Dist. LEXIS 54980 (M.D. Fla. Apr. 21, 2014).

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but rather provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). The "under color of state law" requirement excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Here, it is beyond cavil that the defendants and non-parties identified in the complaint are private citizens and federal employees, not arms of the state. Under limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. However, none of the conduct alleged by Brett can be fairly viewed as state action.

Moreover, there is no legal basis for a federal civil rights claim grounded on alleged defamatory statements. Indeed, "[s]lander and defamation are not actionable under a constitutional tort theory." *Akins v. Kasheta*, Civil Action No. 3:CV-06-1704, 2006 WL 2828821, at *4 (M.D. Pa. Sept. 29, 2006); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 402 (3d Cir. 2000) ("The Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."); *Brett v. Izzi*, No. 1:CV-11-1528, 2011 WL 5237912, at *7 (M.D. Pa. Sept. 8, 2011) *report and recommendation adopted*, No. 1:11-CV-01528, 2011 WL 5314193 (M.D. Pa. Nov. 1, 2011) ("Plaintiff's claim that Defendants . . . slandered

him fails to state a cognizable claim under § 1983 since a state law tort claim against private persons is not a basis for liability in [a §]1983 action.").

Finally, Brett's reliance on 18 U.S.C. § 115 is misplaced. 18 U.S.C. § 115 criminalizes the act of influencing, impeding or retaliating against a federal official by threatening or injuring a family member. This criminal statute, however, does not create a private right of action. *See Brett v. Brett*, 503 F. App'x 130, 132 (3d Cir. 2012) ("[C]riminal statutes do not give rise to civil liability."); *see also Allen v. Admin. Office of Pa. Courts,* 270 F. App'x. 149, 150 (3d Cir. 2008) (unpublished);*United States v. Friedland,* 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

Under the circumstances presented, these claims are clearly based on indisputably meritless legal theories and thus this action should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

B. STATE LAW CLAIMS

The Court construes the *pro se* complaint as asserting state law claims for slander and defamation. Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward

declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that the Brett's state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IV. **RECOMMENDATION**

Based on the forgoing, it is recommended that:

1. All federal claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. All remaining state law claims be **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling these claims in state court pursuant to 28 U.S.C. § 1367(c)(3);

3. Leave to amend be **DENIED** as futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Coleman v. Gettysburg Coll.*, 335 F. Supp. 2d 586, 590 (M.D. Pa. 2004); and

4. The Clerk of Court be directed to **CLOSE** this case.

                                                      **BY THE COURT:**

**Dated: March 21, 2016**                                    *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BRETT,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. MARSHAL LOUIS RODRIGUEZ, et al.,<br><br>   Defendants | CIVIL ACTION NO. 1:15-CV-02366<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 21, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 21, 2016**                                                                 *s/ Karoline Mehalchick*
                                                                                                         **KAROLINE MEHALCHICK**
                                                                                                         **United States Magistrate Judge**